**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1308**

CLAUDE HOLLAND; LORI HOLLAND,

                    Plaintiffs – Appellants,

          v.

STATE OF MARYLAND; R. HUNTER NELMS; ROBERT VAN METER, Major,

                    Defendants – Appellees,

          and

WICOMICO COUNTY, MARYLAND,

                    Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Andre M. Davis, District Judge. (1:06-cv-01649-AMD)

Submitted:  December 8, 2008        Decided:  January 20, 2009

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Vacated and remanded in part; affirmed in part by unpublished per curiam opinion.

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellants.  Douglas F. Gansler, Attorney General of Maryland, Elissa D. Levan, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Holland was employed as a Lieutenant in the Wicomico County Sheriff's Department located in the state of Maryland. After his termination, Holland filed an action under 42 U.S.C. § 1983 (2000) alleging causes of action for violations of his Fourteenth and First Amendment rights relating to his termination. Holland appeals from the district court's March 10, 2007 order granting the Defendants' motion to dismiss in part, and the court's February 25, 2008 final order granting summary judgment on Holland's First Amendment claim. On appeal, Holland raises two issues: (1) whether the district court erred by dismissing his Fourteenth Amendment reputational claim; and (2) whether the district court erred by dismissing his First Amendment claim. For the reasons that follow, we vacate and remand as to the first issue, and affirm the dismissal of the second issue.

Holland alleged that his termination, which was covered in some detail in the local press, cast his reputation in a negative light. The district court dismissed this claim noting that as an at-will state employee, Holland did not have a protected liberty interest sufficient to sustain a due process challenge to his termination under the Fourteenth Amendment. The court relied on its own case, Andrew v. Clark, 472 F. Supp. 2d 659 (D. Md. 2007), for this proposition. We find no error

3

with this decision. See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999).

Holland, however, also specifically pled that his reputation had been damaged by the press coverage of his termination and that he was given no official notice of why he was terminated and no opportunity to be heard regarding the matter. See Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972) (noting that minimal procedural due process owed to a state employee whose good name, reputation, honor, or integrity is at stake because of what the government has done to him). It is well established that government employees have a constitutionally protected liberty interest in their good name, reputation, honor or integrity, and that this liberty interest is implicated by public announcement of reasons for an employee's discharge. Johnson v. Morris, 903 F.2d 996, 999 (4th Cir. 1990). Because this issue was summarily dismissed, under Fed. R. Civ. P. 12(b)(6), we make no finding as to whether Holland has stated the requisite grounds for relief. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 n.5 (4th Cir. 1988) (listing necessary factors for relief for such a claim). Accordingly, we vacate and remand this reputational Roth claim to the district court for further proceedings consistent with this opinion.

We find that Holland's First Amendment claim fails. The speech at issue--here Holland's candid comments to the Sheriff regarding the job performance of Holland's direct supervisor--are not the type of speech protected by the First Amendment. Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest do not constitute speech about matters of public concern that are protected by the First Amendment, but are matters more immediately concerned with the self-interest of the speaker as an employee. Stroman v. Colleton County Sch. Dist., 981 F.2d 152, 156 (4th Cir. 1992); see Garcetti v. Ceballos, 547 U.S. 410, 417-20 (2006); Connick v. Myers, 461 U.S. 138, 142, 147-48 (1983). Accordingly, we affirm the district court's dismissal of this claim.

VACATED AND REMANDED IN PART;
AFFIRMED IN PART